**Robert HADDIX Jr., Appellant**

v.

**AMERICAN ZURICH INSURANCE COMPANY; Chesterfield Services, Inc.; The Salvation Army; and Flahive, Ogden and Latson, P.C., Appellees.**

**No. 11–06–00107–CV.**

Court of Appeals of Texas, Eastland.

April 3, 2008.

---

Robert Haddix Jr., Lufkin, TX, pro se.

Robert D. Stokes, Flahive, Ogden & Latson, Austin, Warren T. McCollum, Fenley & Bate, L.L.P., Lufkin, TX, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Robert Haddix Jr. filed suit against American Zurich Insurance Company; Chesterfield Services, Inc.; the Salvation Army; and Flahive, Ogden and Latson, P.C. (Flahive), for injuries he claimed in connection with two on-the-job injuries and his subsequent claims for workers' compensation benefits. The trial court granted appellees' pleas to the jurisdiction and dismissed Haddix's suit. We affirm in part and reverse and remand in part.

### I. *Background Facts*

Haddix contended that, while in the course and scope of his employment with the Salvation Army, he was injured on November 25, 2004, and that he aggravated his injury on December 16, 2004. Haddix filed workers' compensation claims for both injuries. The Texas Department of Insurance, Division of Workers' Compensation [1] held a contested case hearing on Haddix's December 16 claim and determined that he did not suffer a compensable injury. The appeals panel affirmed.

---

**1.** Prior to September 1, 2005, this agency was known as the Texas Workers' Compensation Commission. For clarity, we will refer to it as the Division throughout this opinion.

The Division conducted a contested case hearing on Haddix's November 25 claim but had not issued a decision when Haddix filed suit. In response to Haddix's suit, the appellees filed pleas to the jurisdiction arguing that Haddix had failed to exhaust his administrative remedies. The trial court conducted a hearing and subsequently granted the pleas and dismissed the litigation.

## II. Analysis

### A. Was Haddix Improperly Denied a Default Judgment?

■ Haddix argues that the trial court erred by failing to impose a default judgment on the defendants. Haddix filed his lawsuit on August 29, 2005. Citations were issued and were mailed by certified mail on September 1. Haddix filed a motion for default judgment on September 20, 2005. Haddix assumes that the appellees' deadline for filing an answer began running when the citations were mailed. This is incorrect. Appellees were not served until they received the citation. *See Milam v. Miller*, 891 S.W.2d 1 (Tex. App.-Amarillo 1994, writ ref'd) (defendant was served by certified mail when he received plaintiff's petition and signed the certified mail receipt).

The officer's returns reveal that Zurich was served on September 23, Chesterfield and Flahive were served on September 26, and the Salvation Army was served on September 28. The Salvation Army's answer was due on October 24. The remaining answers were due October 17. Each party filed an answer on October 7. Because appellees were not in default, the trial court did not err, and Haddix's second issue is overruled.[2]

### B. Did the Trial Court Err by not Making Findings of Fact and Conclusions of Law?

■ Haddix contends that the trial court committed misconduct by refusing to file findings of fact and conclusions of law after it granted appellees' pleas to the jurisdiction. A party is entitled to findings of fact and conclusions of law after a conventional trial on the merits before the court. *IKB Indus. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex.1997). A case is "tried" when a court holds an evidentiary hearing. *Gen. Elec. Capital Corp. v. ICO, Inc.*, 230 S.W.3d 702, 711 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). In other cases, unless they serve no purpose such as when summary judgment is granted, findings of fact and conclusions of law are proper; however, a party cannot compel their preparation. *Pro–Line Corp.*, 938 S.W.2d at 442–43.[3]

■ Courts have held that findings of fact are not required every time a plea to the jurisdiction is granted. In *Ford v. City of Lubbock*, 76 S.W.3d 795 (Tex.App.-Amarillo 2002, no pet.), the claimants sued the City of Lubbock for the drowning death of their child. The City filed a plea to the jurisdiction, and the trial court held

---

**2.** We note also that a default judgment would have been inappropriate until the return of citation had been on file for ten days. Tex.R. Civ. P. 107. The returns for each defendant were filed on October 21–well after each defendant filed its answer.

**3.** In addition to summary judgments, the court also listed judgment after directed verdict, judgment non obstante veredicto, default judgment awarding liquidated damages, dismissal for want of prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on the pleadings or special exceptions, and any judgment rendered without an evidentiary hearing as examples of instances in which findings and conclusions can have no purpose and should not be requested. *Id.* at 443.

a hearing. No witnesses testified, but the parties attached affidavits and deposition testimony to their pleadings. The trial court granted the City's plea. While the family requested findings of fact and conclusions of law, none were prepared. The Amarillo Court was required to determine if findings were appropriate because of a claim by the City that the family had not timely perfected its appeal. The Amarillo Court reviewed the trial court's comments at the hearing and concluded that it had accepted the family's statements as true. Consequently, there was no disputed fact issue for resolution, and findings of fact would have served no useful purpose. 76 S.W.3d at 797–98.

 We believe that the same situation holds true here. Each appellee asserted a plea to the jurisdiction. The pleas were initially unsupported by evidence, but Flahive subsequently filed a brief that included an affidavit from one of its attorneys. Haddix filed responses to the pleas and an appendix of evidence. When the trial court held a hearing on the pleas, no witnesses testified and no evidence was formally received by the trial court. However, both sides referred to a letter from the Texas Workforce Commission (TWC) to Haddix that was included in his appendix of evidence. The parties reach different conclusions regarding the evidence, but the evidence itself is undisputed. The trial court, therefore, was not required to prepare findings of fact. We will assume that the trial court accepted the evidence that Haddix included in his appendix as true and will afford the factual statements in Haddix's petition the deference required by law. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex.1996) (absent an allegation of fraudulent pleadings, the trial court must take the plaintiff's allegations as true and must construe

them liberally in the plaintiff's favor when ruling on a plea to the jurisdiction).

 Haddix also argues that he was harmed by the trial court's failure to prepare conclusions of law because appellees' pleas consisted of numerous subsections and because he does not know the basis of the trial court's ruling. The trial court's rulings on questions of law are reviewed de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996). This requires that we exercise our own judgment and redetermine each issue. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex.1998). Moreover, Haddix is required to attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Consequently, the preparation of conclusions of law would not have altered Haddix's appeal or our analysis. Haddix's third issue is overruled.

*C. Did the Trial Court Err by not Providing Haddix an Opportunity to Amend His Petition?*

 Haddix next argues that the trial court erred because it signed an order of dismissal rather than provide him with an opportunity to amend his petition. Texas Courts have signaled a preference for allowing a plaintiff an opportunity to amend before dismissing a suit in response to a plea to the jurisdiction. The general rule is that, if the plaintiff's pleadings do not demonstrate incurable defects, the plaintiff should be given an opportunity to amend. *See Sepulveda v. County of El Paso*, 170 S.W.3d 605, 616–17 (Tex.App.-El Paso 2005, pet. denied). If, however, the pleadings affirmatively negate the existence of jurisdiction, dismissal is appropriate. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004).

■ While the general rule expresses a preference for allowing an amendment, a plaintiff can waive this opportunity through inaction. *See, e.g., Kassen v. Hatley,* 887 S.W.2d 4, 13–14 n. 10 (Tex.1994) (plaintiffs waived complaint to dismissal by summary judgment aimed solely at their pleadings when they did not request an opportunity to amend their petition); *see also Dahl ex rel. Dahl v. State,* 92 S.W.3d 856, 862 n. 6 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (noting that plaintiffs arguably waived complaint that the trial court failed to provide them with an opportunity to amend their pleadings when they did not seek leave to amend).

■ Haddix made no effort to amend his petition prior to the hearing. The only prehearing reference to an amended pleading was in Haddix's response to the Salvation Army's plea. The Salvation Army contended that Haddix had not exhausted his administrative remedies for bringing a Payday Law cause of action by not filing a claim with the Department of Labor.[4] Haddix disputed this and then stated: "Plaintiff is glad that Defendant brought this point up. In his Original Petition, Plaintiff did not request damages for this cause of action. Plaintiff now requests leave from the Court to file a supplement to his petition to address this point and other unintentional glitches in his Original Petition." Despite this statement, Haddix did not file an amended or supplemental pleading prior to the hearing.

Haddix made no effort to amend his petition during or after the hearing. The hearing occurred on November 8. The trial court took the pleas under advisement. The trial court notified the parties by correspondence dated December 15 that it was granting defendants' pleas and requested a proposed order. The trial court signed an order on December 22. Haddix objected to this order contending that the trial court erred by not giving him a chance to amend but he did not amend or request leave to amend his pleadings. Haddix filed a motion for new trial and again objected to the failure to grant him an opportunity to amend, but he did not request leave to amend or indicate how he could address his pleading deficiencies with an amended pleading.

Even if we assume that the better practice would have been served by specifically providing Haddix with an opportunity to amend his pleadings, he had the opportunity in response to defendants' pleas to amend but did not do so, and he had over one month following the hearing to amend but did not do so; however, he has never advised either the trial court or this court what he could plead that would address any of the jurisdictional challenges. Accordingly, we cannot say that the trial court erred, and Haddix's fourth issue is overruled.

*D. Did the Trial Court Err by Citing the Wrong Section of the Labor Code?*

The Salvation Army, Zurich, and Chesterfield each pleaded that Haddix's common-law remedies were barred by the exclusive remedy of the Texas Workers' Compensation Act pursuant to "Texas Labor Code Section 406.234." Haddix complains that the trial court erred by granting this challenge because Section 406.234 does not exist. The appellees cited the wrong section of the Labor Code, but they are correct that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for work-related injuries. *See* Tex. Lab.Code Ann. § 408.001(a) (Vernon 2006). Haddix's fifth issue is overruled.

---

4. Tex. Lab.Code Ann. §§ 61.001–.095 (Vernon 2006).

*E. Did the Trial Court Err with its Evidentiary Rulings?*

Haddix argues that the trial court erred by refusing to admit, consider, or allow relevant testimony and evidence. He does not, however, identify what evidence he believes was not admitted or considered. In his brief, he repeatedly refers to statements made by him while presenting argument to the trial court and to cases he furnished the trial court. Neither constitutes evidence. We have previously held that we will assume that the trial court accepted all evidence tendered by Haddix as true and that we will consider that evidence in our review. Haddix's seventh, eighth, and twelfth issues, therefore, present nothing for our determination and are overruled.

*F. Did the Trial Court Err by Granting the Pleas to the Jurisdiction?*

 In several issues, Haddix challenges the propriety of the trial court's decision to grant the appellees' pleas to the jurisdiction. We will treat these collectively. A plea to the jurisdiction contests a trial court's subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). The purpose of the plea "is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether a court has subject-matter jurisdiction is a matter of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). Accordingly, we review a challenge to the trial court's subject-matter jurisdiction de novo. *Id.* at 228.

Haddix asserted several causes of action against the appellees.[5] Their contention is that in each instance Haddix failed to plead that he had exhausted his administrative remedies and, therefore, that the trial court had no jurisdiction. We believe the appellees' position is not quite a correct statement of the law because, considering a plea to the jurisdiction based on the alleged failure to exhaust administrative remedies, it is ultimately the plaintiff's actions rather than his pleadings that determine whether the trial court has jurisdiction. *Cf. Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex.App.-Waco 2002, no pet.) (rejecting argument that plaintiff who filed suit seeking judicial review in a workers' compensation case was jurisdictionally required to plead that his suit was an appeal of the appeals panel decision).

*1. The Exhaustion of Administrative Remedies Requirement.*

 The exhaustion of administrative remedies requirement represents the legislature's desire that administrative agencies initially determine disputed questions of fact and law in certain situations. *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex.1998). When an agency has exclusive jurisdiction, courts have no subject-matter jurisdiction until the claimant has exhausted all administrative remedies within the agency. *See In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex.2004).

 A plaintiff is required to allege facts affirmatively demonstrating the trial

---

**5.** Haddix pleaded workers' compensation fraud, conspiracy, libel, intentional infliction of severe emotional distress, malicious and/or intentional and deliberately negligent failure to properly and fully investigate, breach of good faith and fair dealing, discrimination by retaliation, retaliation by landlord, unlawful eviction, tax fraud, discrimination based on religion, disability discrimination, racial discrimination, sexual discrimination, and failure to pay wages.

court's jurisdiction. *Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex. 2001). Courts, however, are not limited to the consideration of those facts but may also consider evidence to prove the jurisdictional issues raised. *Bland I.S.D.,* 34 S.W.3d at 555. Consequently, if a party has not exhausted its administrative remedies but has pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction. The opposite is true as well. If a party exhausts its administrative remedies but fails to properly or adequately plead this, the challenge is not to the trial court's jurisdiction but to the adequacy of the plaintiff's pleading.

 Haddix initiated two claims with the Division. Haddix pleaded that he was injured while in the course of his employment for the Salvation Army on November 25, 2004, and that he aggravated his injury on December 16. He alleged that a contested case hearing was conducted concerning the December 16 injury and that, at this hearing, the hearing officer considered whether Haddix was injured on December 16 and, if so, whether and for what period was he disabled. Haddix alleged that the hearing officer determined that he had no disability and that the appeals panel affirmed. Flahive's evidence corroborated these factual statements.

Haddix's petition does not refer to any administrative proceeding concerning the November 25 injury, but Flahive's evidence indicates that Haddix filed a separate claim for this injury, that the Division assigned it a claim number, and that a benefit review conference and contested case hearing were set. The disputed issues at the second contested case hearing involved whether the Salvation Army was Haddix's employer on November 25, whether Haddix was injured on that date, whether Haddix timely notified his employer of his injury, whether the carrier had waived the right to contest the compensability, and whether Haddix was disabled as the result of any November 25 injury. The hearing officer had not yet released his findings on these disputed issues when Haddix filed suit.

It is clear that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for work-related injuries. *See* Section 408.001(a). It is also clear that an individual claiming an injury while in the course and scope of his employment must exhaust his administrative remedies before filing suit and that this suit is an appeal of the appeals panel. *See* Tex. Lab.Code Ann. § 410.251 (Vernon 2006).

Even though it is undisputed that Haddix presented a claim for his December 16 injury to the Division and that he contested that claim through the Division's appeals panel, the appellees contend that he has not exhausted his administrative remedies because the November 25 and December 16 injuries are inexorably intertwined. Appellees cite no authority in support of the argument that separate claims must be treated collectively for jurisdictional purposes, and we have found none ourselves. Thus, the trial court had jurisdiction to consider an appeal of the appeals panel decision. Haddix had not, however, exhausted his administrative remedies for the November 25 injury, and the trial court did not have jurisdiction to consider any claim for benefits in connection with that injury.

Haddix's petition does not state a claim that indisputably constitutes an appeal of the appeals panel decision. Several arguably touch upon that claim, and some are clearly meant to assert an independent cause of action. Whether Haddix is prop-

erly appealing the appeals panel or whether his causes of action are barred by the Workers' Compensation Act's exclusivity provision, we need not decide today because our review does not concern the merits of Haddix's claims but merely the trial court's jurisdiction. *See Bland ISD,* 34 S.W.3d at 554 (a plea to the jurisdiction is a dilatory plea intended to defeat a cause of action without regard to the merits of the claim).

To the extent that Haddix is attempting to appeal the appeals panel's decision, the trial court's jurisdiction is limited to the December 16 claim. The trial court has jurisdiction over Haddix's causes of action for fraud, conspiracy, libel, intentional infliction of emotional distress, failure to properly investigate, and breach of the covenant of good faith and fair dealing to the extent that Haddix is claiming an independent injury and to the extent those causes of action do not require proof of a compensable injury on November 25. Our holding is limited to the determination that the trial court has jurisdiction and is not a holding that any cause of action is or is not a viable claim.

### 2. Retaliation for Filing a Claim.

 Texas law prohibits discrimination by employers against employees for filing a workers' compensation claim in good faith. TEX. LAB.CODE ANN. § 451.001 (Vernon 2006). The statute does not require that retaliation claims be submitted to the Division before filing suit. When courts have discussed an obligation to exhaust administrative remedies before filing a retaliation claim, they have dealt with employer-provided grievance procedures. *See, e.g., Dallas County v. Gonzales,* 183 S.W.3d 94 (Tex.App.-Dallas 2006, pet. denied). There is no contention that the Salvation Army had a grievance procedure. The trial court, therefore, had jurisdiction over Haddix's retaliation claim.

### 3. Retaliation by Landlord.

 Haddix pleaded that the Salvation Army was his landlord and that it retaliated against him for exercising his lawful rights by unlawfully evicting him. TEX. PROP.CODE ANN. § 92.331 (Vernon 2007) prohibits retaliation by a landlord against a tenant for exercising, in good faith, a right granted to the tenant by state law. The statute does not provide an administrative remedy for alleged violations. The trial court, therefore, had jurisdiction over this claim. Haddix also asserts a claim for unlawful eviction and cites TEX. PROP.CODE ANN. § 24.005 (Vernon 2000) in support of this cause of action. Section 24.005 does not create a cause of action but requires certain notice before filing a forcible detainer suit. We are not required to determine the merits of this claim but merely the trial court's jurisdiction. Because the statute does not create an administrative remedy, the trial court has jurisdiction over this claim.

### 4. Discrimination.

 Haddix also asserted that he was discriminated against on the basis of his religion, disability, race, and sex. The Texas Commission on Human Rights (TCHR) was created by the legislature to correlate state law with federal law in the area of employment discrimination. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991). Before filing an employment discrimination claim, one must comply with the statutory mandates of the TCHR. *El Paso County v. Navarrete,* 194 S.W.3d 677, 682 (Tex.App.-El Paso 2006, pet. denied).

Haddix's appendix included a copy of a letter he received from the TCHR. This letter acknowledged receipt of an inquiry from Haddix regarding possible discrimination but indicated that the TCHR could

not draft a charge on his behalf because "[t]he information you have provided is not sufficient to file a claim of employment discrimination under the Texas Commission on Human Rights Act, as amended." Haddix argues that this letter proves that he has exhausted his administrative remedies, and he spends considerable time discussing evidence that is not part of our record and discussing whether a right to sue letter is a predicate to filing a discrimination claim. Haddix, however, misunderstands the letter he received and included in the record because it in fact proves that he did not exhaust his administrative remedies.

 Individuals are required to first file a complaint with the TCHR so that it can investigate the allegations, informally eliminate any discrimination, and minimize costly litigation. *Id.* at 683. Any subsequent lawsuit is limited to claims made in the complaint and factually related claims that could reasonably be expected to grow out of the TCHR's investigation of the charge. *Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734, 738 (Tex.App.-Houston [14th Dist.] 1999, no pet.). That purpose is not served if an individual fails to provide sufficient information to the TCHR to support a claim of discrimination. Haddix failed to exhaust his administrative remedies with the TCHR, and the trial court did not have jurisdiction to consider his discrimination claims.

### 5. Failure to Pay Wages.

 Haddix's final claim alleges that the Salvation Army illegally failed to pay his wages. An employee seeking unpaid wages from an employer may pursue a judicial action against the employer or may seek an administrative remedy as provided under the Payday Law. *Holmans v. Transource Polymers, Inc.,* 914 S.W.2d 189, 192 (Tex.App.-Fort Worth 1995, writ denied). Haddix's evidence indicates that

he filed a claim with the Texas Workforce Commission and that he was awarded $528 in unpaid wages. Appellees argue that Haddix was required to prosecute an appeal of this award to the TWC appeals panel before filing suit. They contend that, because Haddix did not affirmatively plead that he had prosecuted an administrative appeal, the trial court lacked jurisdiction. This, however, is a pleading rather than a jurisdictional defect. *Cf. Hull v. Davis,* 211 S.W.3d 461, 465 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (trial court lacked jurisdiction over Payday Law claim because record affirmatively established that plaintiff failed to administratively appeal the hearing examiner's decision). Because Haddix presented evidence that an administrative claim was filed and the record is silent on whether an appeal was prosecuted, the trial court had jurisdiction over this cause of action. Our holding does not foreclose further consideration of this issue in response to additional evidence.

Haddix's sixth, ninth, tenth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twenty-first issues are sustained in part and overruled in part. This case is remanded for further consideration of those claims over which we have held that the trial court had jurisdiction.

### G. Were Haddix's Due Process Rights Violated?

 Haddix contends that the trial court engaged in misconduct that deprived him of his due process protections by operating what he describes as a "kangaroo court." In support of this argument, Haddix has provided this court with an extended, and at times personal, critique of the trial court, the district clerk, the court reporter, and opposing counsel. Haddix extensively relies upon matters not sup-

ported by the record and on challenges not properly preserved, and he repeatedly displays a fundamental misunderstanding of the legal process.

Our review of the entire record makes clear that his due process rights were not abridged. Haddix was provided the opportunity to respond to the pleas to the jurisdiction with both pleadings and evidence and to present argument to the trial court. When Haddix filed a motion for new trial, the trial court allowed Haddix to argue this motion for new trial for over one hour and fifteen minutes. During that hearing, Haddix accused opposing counsel of lying and fraudulent conduct, called the trial court negligent, sarcastically referred to the trial court's rulings, ridiculed the trial court, and accused the trial court of having a well-known bias and prejudice against unrepresented plaintiffs. During all of this, the trial court showed considerable restraint and patience.

■■■ Haddix contends that the clerk's record is missing correspondence and rulings, the reporter's record is incomplete, and the audiotapes from the trial court's hearings have been altered. Earlier, this court abated the appeal in response to Haddix's motion to supplement the reporter's record, directed the trial court to conduct an evidentiary hearing, and asked the court to provide us with findings of fact and conclusions of law in connection with that hearing. This hearing was conducted by a different judge than the one that granted the pleas to the jurisdiction. The judge also listened to the audiotape of the plea to the jurisdiction hearing. The judge found that, except for a typographical error, the reporter's record was accurate and that many of the things Haddix alleges occurred during the jurisdiction hearing simply did not. Haddix has not challenged any of these findings with an issue as required by TEX.R.APP. P. 38.1(e).

Those findings are, therefore, binding on him.

Haddix has not established that his due process rights were violated. His first issue is overruled.

*H. Sanctions.*

■■■ Haddix's twentieth issue complains of the trial court's refusal to grant any of his many requests for sanctions. Haddix has also asked this court to impose sanctions on opposing counsel. Haddix repeated that request during oral argument. Haddix has wholly failed to establish that opposing counsel engaged in improper conduct either before the trial court or this court. Haddix's request for sanctions is denied, and his twentieth issue is overruled.

Appellees have not requested sanctions from Haddix, but we feel it necessary to caution him about his own conduct. His brief contains many personal attacks against the trial court-including allegations of criminal misconduct that lack any credible evidentiary support. His brief contains repeated references to material that he acknowledges is not part of our record. His conspiratorial allegations strain reason and credibility. We have exercised considerable restraint and have largely ignored Haddix's improper behavior in an effort to timely resolve this appeal.

■■■ Appellant would be well advised to desist from such behavior in the future. Even though he is proceeding pro se, Haddix is subject to the same standards as licensed attorneys. *Holt v. F.F. Enters.,* 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied). Similar conduct by counsel has resulted in disciplinary action by this court. *See Burleson v. Sharp Image Energy, Inc.,* No. 11–06–00069–CV, 2007 WL 3298973 (Tex.App.-Eastland November 8, 2007, pet. filed) (mem.op.). We have granted Haddix some relief by par-

tially remanding this case for further proceedings. In so doing, we are not holding that either the trial court or opposing counsel have conducted themselves improperly; and this opinion should not be used to suggest otherwise.

If Haddix elects to file any further pleadings with this court, those pleadings should be restricted to the record, should be devoid of any personal attacks, and should be professional in tone. The failure to do so will be treated accordingly.

### III. *Holding*

The judgment of the trial court is affirmed in part and reversed and remanded in part. The case is remanded to the trial court for further consideration of those matters over which we have held the trial court has jurisdiction.