ACCEPTED
15-25-00028-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/30/2025 5:08 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00028-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/30/2025 5:08:09 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
for the Fifteenth Judicial District
Austin, Texas

_____

TEXAS STATE UNIVERSITY AND TEXAS STATE
UNIVERSITY SYSTEM,
*Defendants-Appellants*,

*v.*

STUART PATRICK WILKINSON,
*Plaintiff-Appellee.*

_____

On Appeal from the 22nd Judicial District Court of Hays County, Texas

_____

**REPLY BRIEF FOR APPELLANTS**
_____

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General
AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation
KIMBERLY GDULA
Chief, General Litigation Division

RACHEL BEHRENDT
Texas Bar No. 24130871
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4112 | Fax: (512) 320-0667
Rachel.Behrendt@oag.texas.gov
COUNSEL FOR APPELLANTS

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................ii

INDEX OF AUTHORITIES....................................................................................iii

ARGUMENT............................................................................................................ 1

    **I.** **Contrary to Wilkinson's Assertion, Wilkinson's TWA Claim Is Barred by Sovereign Immunity.**............................................................... 1

    **A.** **Wilkinson's claim that he exhausted his administrative remedies under the TWA is without merit.**............................................................ 2

        *1.* *Wilkinson's assertion that pleading specific dates is not required under the TWA is incorrect.*....................................................... 3

        *2.* *Defendants properly asserted their limitations defense.* ................... 6

    **B.** **Contrary to Wilkinson's assertion, his TWA claim is time-barred.** 7

    **C.** **Contrary to Wilkinson's assertion, Defendants demonstrate that none of their alleged retaliatory acts against Wilkinson constituted adverse personnel actions under the TWA.** ............................................ 8

    **D.** **Wilkinson's assertion that Defendants' sovereign immunity to his constitutional claims has been waived is incorrect.**................................ 9

    **E.** **Contrary to Wilkinson's assertion, he cannot demonstrate the first element in a First Amendment retaliation analysis and therefore cannot establish a viable claim.**........................................................................... 10

II. Contrary to Wilkinson's assertion, dismissal with prejudice is appropriate. ......................................................................................................... 11

    **PRAYER**............................................................................................................ 13

## INDEX OF AUTHORITIES

**Cases**

*Anderson v. Houston Cmty. Coll. Sys.*,
  458 S.W.3d 633, 640 (Tex. App.—Houston [1st Dist.] 2015, no pet.)..... 10

*Andrade v. NAACP of Austin*,
   345 S.W.3d 1, 11 (Tex. 2011) ...................................................................1

*Bastrop Cnty. v. Samples*,
  286 S.W.3d 102 (Tex. App.—Austin 2009, no pet.)...................................5

*Burlington Indus., Inc. v. Ellerth*,
  524 U.S. 742 (1998)................................................................................ 10

*City of El Paso v. Heinrich,*
  284 S.W.3d 366 (Tex. 2009) ............................................................... 9, 10

*City of Fort Worth v. Pridgen*,
  653 S.W.3d 176 (Tex. 2022) ................................................................ 1, 2

*City of Houston v. Garcia*,
  668 S.W.3d 419 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ........ 1, 2

*City of Madisonville v. Sims*,
  620 S.W.3d 375 (Tex. 2020) .....................................................................4

*City of Pasadena v. Poulos*,
  No. 01-22-00676-CV, 2023 WL 7134974 (Tex. App.—Houston [1st Dist.]
  Oct. 31, 2023, no pet.) ............................................................................ 10

*Dohlen v. City of San Antonio*,
  643 S.W.3d 387, 392–93 (Tex. 2022) ................................................ 11, 12

*Esparza v. Univ. of Tex. at El Paso*,
  471 S.W.3d 903 (Tex. App.—El Paso 2015, no pet.) ............................. 10

*Haddix v. Am. Zurich Ins. Co.*,
  253 S.W.3d 339 (Tex. App.—Eastland 2008, no pet.)............................. 12

*Harris Cnty. v. Sykes*,
  136 S.W.3d 635 (Tex. 2004) ............................................................. 11, 12

*Hennsley v. Stevens*,
  613 S.W.3d 296 (Tex. App.—Amarillo 2020, no pet.)........................... 4, 8

*Hernandez v. Dallas Indep. Sch. Dist.*,
    05-17-00227-CV, 2018 WL 1835692 (Tex. App.—Dallas Apr. 18, 2018,
    no pet.) (mem. op.) ................................................................ 5, 7
*Olivarez v. UT-Austin*,
    No. 03-05-00781, 2009 WL 1423929 (Tex. App.—Austin 2009, no pet.)..4
*Prairie View A&M Univ. v. Chatha*,
    381 S.W.3d 500 (Tex. 2012). .....................................................1
*Scott v. Godwin*,
    147 S.W.3d 609 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.)... 10
*Serna v. City of San Antonio,*
    244 F.3d 479 (5th Cir. 2001) ..................................................... 10
*State v. Lueck,*
    290 S.W.3d 876 (Tex. 2009) ................................................... 2, 3
*Texas A&M Univ. Sys. v. Koseoglu*,
    233 S.W.3d 835 (Tex. 2007). ............................................ 1, 11, 12
*Texas Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) ............................................. 2, 11, 12
*Tex. Dep't of Transp. v. Jones*,
    8 S.W.3d 636 (Tex. 1999) ................................................. 1, 10, 11
*Town of Shady Shores v. Swanson*,
    590 S.W.3d 544 (Tex. 2019) ................................................. 1, 10
*Univ. of Texas v. Poindexter*,
    306 S.W.3d 798 (Tex. App.—Austin 2009, no pet.)................................4
*Winters v. Chubb & Son, Inc.*,
    132 S.W.3d 568 (Tex. App.—Houston [14th Dist.] 2004, no pet.) .......... 10

**Constitutional Provisions**

U.S. Const. amend. I................................................................ 10

**Rules**

Texas Rule of Civil Procedure 54................................................6
Texas Rule of Civil Procedure 94................................................7

**Statutes**

Tex. Educ. Code § 107.01 *et. seq.* ..................................................................1

Tex. Gov't Code § 554.002(a) ........................................................................1

Tex. Gov't Code § 554.005 ...................................................................... 3, 5, 8

# ARGUMENT

## I.     Contrary to Wilkinson's Assertion, Wilkinson's TWA Claim Is Barred by Sovereign Immunity.

In his Appellee's Brief, Plaintiff-Appellee Stuart Patrick Wilkinson ("Wilkinson") agrees with Defendants-Appellants Texas State University and Texas State University System (collectively, "Defendants") that the Texas Whistleblower Act (the "TWA") provides a limited waiver of sovereign immunity for viable claims under section 554.002(a). Appellee's Brief ¶ 13. But by presenting only conclusory allegations, Wilkinson has failed to make a viable claim under the TWA and therefore cannot demonstrate a waiver of immunity to it for his claim against Defendants as is his burden.[1] Indeed, a plaintiff's conclusory allegations that a violation of the TWA has occurred are not sufficient to defeat a plea to the jurisdiction, because "[a]llowing a plaintiff's pleadings to stand on bare allegations, alone, without allowing the

---

[1] Unless the State expressly consents to suit, sovereign immunity from suit defeats a trial court's subject matter jurisdiction in an action against the State or a State entity, and dismissal with prejudice is proper. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007). Defendants are entitled to sovereign immunity absent a valid waiver because they are state governmental units organized under the Constitution and laws of Texas. Tex. Const. art. VII, § 17; Tex. Educ. Code § 107.01 *et. seq.*; *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012)). Plaintiff has not asserted any facts showing a waiver of sovereign immunity for any of his claims, as is his burden as plaintiff. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Nonviable claims are barred by sovereign immunity. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011)*; City of Houston v. Garcia*, 668 S.W.3d 419, 422 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 181 (Tex. 2022)*.

State to challenge plaintiff's compliance with [an] immunity statute, would practically eliminate the use of pleas to the jurisdiction, which [courts] have already approved as the proper 'procedural vehicle to challenge subject matter jurisdiction in trial courts for over a century and a half.'" *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004)).

As explained at length in and Appellants' Brief and incorporated by reference here, Wilkinson's TWA claim, supported only by conclusory allegations, is nonviable for several independent reasons: (1) Wilkinson failed to exhaust his administrative remedies under the TWA; (2) his TWA claim is time-barred; and (3) a key element of his TWA claim—that Defendants committed "adverse personnel actions" against him—cannot be proven. CR. 59–68; Appellants' Brief 7–17. Thus, Defendants' immunity remains intact, and the Court should reverse the trial court and dismiss Wilkinson's TWA claim in its entirety for want of jurisdiction. *Garcia*, 668 S.W.3d at 425; *see also Pridgen*, 653 S.W.3d at 188.

**A.    Wilkinson's claim that he exhausted his administrative remedies under the TWA is without merit.**

Though Wilkinson does not contest that timely administrative exhaustion is a jurisdictional prerequisite for a TWA claim, his assertion that

he met this prerequisite in his TWA claim against Defendants is incorrect. Appellee's Brief ¶¶ 16–17. Critically, while Wilkinson's operative Petition asserts that he timely submitted his *whistleblowing report* to authorities, he does not assert that he reported any *retaliatory behavior against him* to either Defendant as is mandatory under the TWA. *See* CR. 49–56; 7–10; Tex. Gov't Code § 554.005 (requiring that an employee must exhaust his administrative remedies for his TWA claim by notifying his employer of the alleged retaliatory conduct within 90 days after the date on which the alleged violation occurred or was discovered by the employee.). Rather, his operative Petition (CR. 56) includes a generic, conclusory allegation that he initiated administrative remedies by invoking the University's grievance procedure within 90 days after "the adverse employment action was discovered." CR. 56. In doing so, Wilkinson does not identify *what* the adverse employment action was that he grieved or *when* he followed the grievance procedure. Bare legal allegations are insufficient to waive the State's immunity. *Lueck*, 290 S.W.3d at 884.

1. *Wilkinson's assertion that pleading specific dates is not required under the TWA is incorrect.*

In Appellee's Brief, Wilkinson asserts that pleading specific dates for a TWA claim is not required. Appellee's Brief ¶ 18. But when a plaintiff merely

alleges that "he filed grievances regarding 'these actions,' but the timeline remains vague," the petition "lack sufficient information to affirmatively demonstrate the trial court's jurisdiction." *Hennsley v. Stevens*, 613 S.W.3d 296, 306 (Tex. App.—Amarillo 2020, no pet.). Courts will not consider undated allegations when analyzing whether sovereign immunity has been waived, because a plaintiff should provide at least an approximate date on which the alleged acts occurred. *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 808 (Tex. App.—Austin 2009, no pet.).[2] The plaintiff bears the burden of establishing facts related to *timing* of administrative exhaustion. *Id.* Failure to provide dates "deprives the trial court of jurisdiction over any events for which []he did not specify dates." *Id*. Here, Wilkinson fails to provide dates for most of the conduct he alleges constitutes an adverse personnel action,[3] and he fails to provide any date on which he purports to have invoked the

---

[2] In Appellee's Brief, Wilkinson takes issue with *Poindexter*, stating that "The Appellants rely on [*Poindexter*] which is NOT a Whistleblower Act case and does not revolve around an alleged failure to exhaust administrative remedies." Appellee's Brief ¶ 18. But as demonstrated by *City of Madisonville v. Sims*, the Texas Supreme Court has relied on cases addressing Texas Labor Code Chapter 21 claims as analogous in determining when the TWA's limited statutory waiver to sovereign immunity has been properly invoked and all jurisdictional prerequisites have been satisfied. 620 S.W.3d at 379.

[3] Indeed, Wilkinson's failure to provide "even an approximate date on which those alleged acts occurred" requires this court to "not consider the undated allegations in [its] analysis and [to] limit our consideration to [Plaintiff's] claims for discrete acts of alleged discriminatory conduct." *Olivarez v. UT-Austin,* No. 03-05-00781, 2009 WL 1423929 at *3 (Tex. App.—Austin 2009, no pet.).

- 4 -

University's grievance procedure to report any retaliatory conduct resulting from his whistleblowing activities—let alone specifying what retaliatory conduct he allegedly grieved. *Hernandez v. Dallas Indep. Sch. Dist.*, 05-17-00227-CV, 2018 WL 1835692, at \*2–3 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (mem. op.) (examining multiple reports to determine compliance with jurisdictional requirements) (citing omitted). Wilkinson therefore fails to demonstrate that he timely met the TWA's administrative exhaustion requirements under section 554.005 for any of the alleged retaliatory conduct that serves as the basis of his TWA claims, and he has not demonstrated a TWA claim that falls within the Act's limited waiver of Defendants' sovereign immunity. Accordingly, Wilkinson's TWA claim is barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction. *See Bastrop Cnty. v. Samples*, 286 S.W.3d 102, 104 (Tex. App.—Austin 2009, no pet.) (citing *Gregg Cnty. v. Farrar*, 933 S.W.2d 769, 774-76 (Tex. App.—Austin 1996, writ denied)). This Court should reverse the trial court and render judgment dismissing Wilkinson's TWA claims as barred by sovereign immunity.

## 2. *Defendants properly asserted their limitations defense.*

In yet another attempt to counter Defendants' argument that Wilkinson's TWA claim is nonviable, Appellee's Brief contends that Defendants cannot argue that Wilkinson failed to exhaust his administrative remedies because Defendants' Answer "does not include a ***specific*** affirmative limitations defense or denial" under Texas Rule of Civil Procedure 54. Appellee's Brief ¶ 19 (emphasis original). Wilkinson then cites two inapposite cases on Rule 54's application in lawsuits determining whether notice and filing obligations for perfected mechanics' liens under the Texas Property Code were met. *Id.* (citing *Truss World, Inc. v, ERJS, Inc.*, 284 S.W.3d 393, 396-97 (Tex. App.—Beaumont 2009, pet. denied); *Skinny's Inc. v. Hicks Brothers Construction Co.*, 602 S.W.2d 85, 90 (Tex. Civ. App.—Eastland 1980, no writ). Rule 54, regarding the pleading and proving of performance or occurrence of conditions precedent in agreements and specific denials thereof, is not controlling here. Properly pleading that one timely filed suit after exhausting his administrative remedies is not tantamount to pleading that all conditions precedent have been met in a contract or lien, nor is pleading an affirmative defense on jurisdictional grounds in an Answer the same as providing a specific denial to conditions precedent in a contract or lien. Instead, Texas

Rule of Civil Procedure 94 is controlling. Rule 94 simply requires that a party's Answer "set forth affirmatively" any affirmative defense, including statute of limitations. Tex. R. Civ. P. 94. Defendants' affirmative defenses in its Amended Answer gave proper notice to Wilkinson that they would raise limitations defenses, providing, *inter alia*, that "Defendants assert the applicable statute of limitations to Plaintiff's claims, to the extent that it applies." CR. 15. To assume that Wilkinson was not given proper notice that limitations defenses would be brought against his few claims is ludicrous.

### B. Contrary to Wilkinson's assertion, his TWA claim is time-barred.

In Appellee's Brief, Wilkinson argues that the statute of limitations of his TWA claim cannot be deemed expired since he need not plead "any and every specific fact that might be raised by a Defendant by way of an affirmative defense, including the statute of limitations." Appellee's Brief ¶ 20. But Wilkinson simply cannot establish his TWA claim without providing the relevant dates in his operative Petition. Where, as here, a plaintiff alleges multiple reports of retaliatory conduct in support of his whistleblower claim, each report must be evaluated for compliance with Texas law. *See Hernandez*, 05-17-00227-CV, 2018 WL 1835692, at *2–3, (examining multiple reports to determine compliance with jurisdictional

requirements); *Hennsley*, 613 S.W.3d at 306. Under the TWA, an employee must sue by the 90th day after the date on which the alleged violation occurred or was discovered by the employee.[4] Tex. Gov't Code § 554.005. As discussed above, Wilkinson does not allege facts demonstrating that he timely filed suit within 90 days after grieving any purportedly retaliatory conduct that he suffered, let alone each instance of undated retaliatory conduct. Accordingly, his claim is barred by the TWA's statute of limitations and the trial court's denial of Defendants' Amended Plea to the Jurisdiction should be reversed.

**C.    Contrary to Wilkinson's assertion, Defendants demonstrate that none of their alleged retaliatory acts against Wilkinson constituted adverse personnel actions under the TWA.**

Appellee's Brief intentionally misrepresents Appellants' Brief regarding the argument that Wilkinson failed to allege an "adverse personnel action" under the TWA, rendering his claim nonviable and barred by sovereign immunity. Appellee's Brief ¶ 22. Specifically, Appellee's Brief misrepresents that Defendants' refutation of Wilkinson's allegation of constructive discharge is Defendants' *only* response to Wilkinson's myriad

---

[4] Appellee's Brief misrepresents that Defendants have argued that the 90-day limitations period "begin[s] to run when Appellee's complaint was made to the FBI." Appellee's Brief ¶ 21. As established in Defendants' Amended Plea to the Jurisdiction, Appellants' Brief, and this Reply, this is categorically false. CR. 67–68; Appellants' Brief 9–12.

allegations of adverse personnel actions. *Id.* As evidenced in Appellants'

Brief, this is patently false. Appellants' Brief 14–17. Appellants' Brief has

acknowledged that adverse personnel actions under the TWA are not limited

to terminations, and it addresses *all* of Wilkinson's various allegations of

adverse personnel actions. *Id.*

**D.     Wilkinson's assertion that Defendants' sovereign immunity to his constitutional claims has been waived is incorrect.**

Wilkinson contends that sovereign immunity is categorically waived in

"a suit to vindicate constitutional rights." Appellee's Brief ¶ 26. In arguing

this, however, Appellee's Brief cites case law involving official capacity

defendants in *ultra vires* suits. *Id.* (citing *Klumb v. Houston Municipal*

*Employees Pension System*, 458 S.W.3d 1, 13 (Tex. 2015)). Critically, the

facts in the case at bar are distinguishable from *Klumb*, as Defendants are state

agencies—not state officials—and therefore, *ultra vires* waivers to sovereign

immunity cannot be brought against them. *See City of El Paso v. Heinrich*,

284 S.W.3d 366, 372 (Tex. 2009) ("[T]he proper defendant in an ultra vires

action is the state official whose acts or omissions allegedly trampled on the

plaintiff's rights, not the state agency itself").[5] Further, in order for a waiver

---

[5] Appellee's Brief appears to argue that *Heinrich* is not applicable here because *Heinrich* does not involve a suit under the TWA. Appellee's Brief ¶¶ 29–30. But regardless of the

to sovereign immunity to apply, Wilkinson as plaintiff must establish said waiver, which he has not. *Jones*, 8 S.W.3d at 638; *Swanson*, 590 S.W.3d at 550. As discussed in Appellants' Brief and incorporated by reference here, both Wilkinson's federal and state constitutional claims against Defendants are barred by sovereign immunity. CR. 68–70; 114; Appellants' Brief 17–20.

### E. Contrary to Wilkinson's assertion, he cannot demonstrate the first element in a First Amendment retaliation analysis and therefore cannot establish a viable claim.

Without further elaboration, Wilkinson alleges that he met the first element of a First Amendment retaliation claim by having "pled adverse personnel actions were taken against him as a result of his exercise of his free-speech rights." Appellee's Brief ¶ 28. But this element requires an adverse employment action, which is a different standard.[6] Moreover, for the reasons

---

underlying statutory claim, *ultra vires* suits must be brought against persons in their official capacities, not the governmental entities. *Heinrich*, 284 S.W.3d at 372. Further, it is Wilkinson's burden to show a waiver of sovereign immunity. *Jones*, 8 S.W.3d at 638; *Swanson*, 590 S.W.3d at 550.

[6] *See* Appellants' Brief 21–25, incorporated by reference here (*citing, e.g., Scott v. Godwin*, 147 S.W.3d 609, 616 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (citing *Serna v. City of San Antonio,* 244 F.3d 479, 482 (5th Cir. 2001)); *Esparza v. Univ. of Tex. at El Paso*, 471 S.W.3d 903, 909 (Tex. App.—El Paso 2015, no pet.) (citing *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998)); *Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 640, 644 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 575 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *City of Pasadena v. Poulos*, No. 01-22-00676-CV, 2023 WL 7134974, at *10 n.1 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.)).

discussed in Appellants' Brief, Wilkinson has failed to demonstrate he suffered any adverse employment action whatsoever. Appellants' Brief 21–25.

## II. Contrary to Wilkinson's assertion, dismissal with prejudice is appropriate.

Appellee's Brief asserts that Wilkinson should be given leave to amend his petition. Appellee's Brief ¶¶ 33–37. But dismissal with prejudice is appropriate where, as here, the pleadings affirmatively negate the existence of jurisdiction because of the sovereign immunity bar. *Dohlen v. City of San Antonio,* 643 S.W.3d 387, 392–93 (Tex. 2022); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Jones*, 8 S.W.3d at 638 (Tex. 1999). In *Dohlen*, the Texas Supreme Court clarified its approach regarding amended pleadings:

> "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. If the pleading does not contain sufficient facts to demonstrate the court's jurisdiction but also does not affirmatively demonstrate incurable defects, the plaintiffs are given an opportunity to amend. *Id.* at 226–27. But if the pleading affirmatively negates jurisdiction, then the plea to the jurisdiction should be granted without the opportunity to amend. *Id.* at 227; *see also Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("[A] pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect.").

643 at 392–93. Dismissal with prejudice is entirely appropriate here because, as established by Defendants, Wilkinson's pleading affirmatively negates jurisdiction, and Wilkinson does not identify any amendment which would avoid the jurisdictional barriers that demand dismissal of this lawsuit. *Id.* (citing *Miranda*, 133 S.W.3d at 227 and *Koseoglu*, 233 S.W.3d at 840). *See also Haddix v. Am. Zurich Ins. Co.,* 253 S.W.3d 339, 347 (Tex. App.—Eastland 2008, no pet.). Further, dismissal with prejudice is proper when a plaintiff has had an opportunity to amend after the governmental entity filed its plea and the amended pleading still does not state a claim in avoidance of sovereign immunity, which is the case at hand. *Sykes*, 136 S.W.3d at 639. Wilkinson had opportunities to amend and attempt to cure the jurisdictional deficiencies with his claims after Defendants filed their Plea to the Jurisdiction—and he did in fact amend his Petition after the Plea's filing—but Wilkinson has failed to cure the jurisdictional deficiencies or demonstrate to the trial court an ability to do so. The trial court's denial of the plea to the jurisdiction should be dismissed, and this Court should dismiss Wilkinson's claims with prejudice.

## PRAYER

For the foregoing reasons, the Court should reverse the decision of the trial court and remand the case.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Rachel L. Behrendt*
**RACHEL L. BEHRENDT**
Texas Bar No. 24130871
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4112
Facsimile: (512) 320-0667
Rachel.Behrendt@oag.texas.gov

*Counsel for Defendants-Appellants Texas*
*State University and Texas State University*
*System*

- 13 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been filed via the Court's electronic filing system to all counsel of record on June 30, 2025.

David Junkin
McGlothin Junkin & Wilde, PC
133 W. San Antonio, Suite 400
San Marcos, Texas 78666
(512) 392-7510
(512) 395-7520 Fax
david@mcglothlinlaw.com

*Counsel for Plaintiff*

/s/ Rachel L. Behrendt
**RACHEL L BEHRENDT**
Assistant Attorney General

## CERTIFICATE OF WORD COUNT COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4(i)(3) and 9.4(i)(2)(C), I certify that this document contains 2,870 words.

/s/ Rachel L. Behrendt
**RACHEL L BEHRENDT**
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ariana Ines on behalf of Rachel Behrendt
Bar No. 24130871
ariana.ines@oag.texas.gov
Envelope ID: 102612174
Filing Code Description: Response
Filing Description: REPLY BRIEF FOR APPELLANTS
Status as of 7/1/2025 7:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 6/30/2025 5:08:09 PM | SENT |
| Ariana Ines | | ariana.ines@oag.texas.gov | 6/30/2025 5:08:09 PM | SENT |

Associated Case Party: Texas State University System

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel L. Behrendt | | Rachel.Behrendt@oag.texas.gov | 6/30/2025 5:08:09 PM | SENT |

Associated Case Party: Texas State University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel L. Behrendt | | Rachel.Behrendt@oag.texas.gov | 6/30/2025 5:08:09 PM | SENT |

Associated Case Party: StuartPatrickWilkinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David PatrickJunkin | | david@mcglothlinlaw.com | 6/30/2025 5:08:09 PM | SENT |